JS-6 O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)     Date: October 10, 2013

Title: CONNIE A. BLACK V. THE RITZ-CARLTON HOTEL COMPANY, LLC ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                      None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants' Motion (Dkt. 17) to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2), or in the alternative, a Motion for a More Definite Statement Pursuant to Federal Rules of Civil Procedure 12(e). After reviewing the motions, oppositions, replies, and supplemental briefing, the Court GRANTS Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(2) and DISMISSES Plaintiff's case.[1]

**I.     Background**

On August 28, 2011, Plaintiff Connie A. Black, a resident of California, and her daughter, were guests of The Ritz-Carlton, Dubai ("RC Dubai"). FAC (Dkt. 12) at 7. RC Dubai is owned by Mohamed Saeed Almulla & Sons, L.L.C. ("MSAS"), which is not a party to this case. Mot. (Dkt. 18) at 2.

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. Because the Court is granting Defendants' motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6), Defendant's Motion to Dismiss Pursuant to the Doctrine of Forum Non-Conveniens (Dkt. 18) is DENIED as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)  Date: October 10, 2013
Page 2

### a. Events Giving Rise to the Cause of Action

In Plaintiff's First Amended Complaint ("FAC"), she alleges that on August 28, 2011, she asked an RC Dubai employee where breakfast was being served and the employee pointed and told Plaintiff to proceed through a drape-covered doorway. FAC (Dkt. 12) at 7. Plaintiff alleges that the drape obscured all view of the other side, thus she did not see the drop in the floor level or the two marble steps. *Id.*

When Plaintiff walked through the doorway, she claims the drop in the floor caused her to fall and severely injure herself. *Id.* Plaintiff claims the fall caused her severe pain, required intensive medical care in Dubai and in California, and cost her wasted vacation and travel expenses. *Id.* at 7-8.

The Plaintiff received medical care from an emergency room physician in Dubai. Pl's Opp'n (Dkt. 28) at 3. Following the emergency treatment in Dubai, Plaintiff was told it was not safe for her to travel for 48 hours, and she returned to the RC Dubai where she was given a complimentary two-night stay and a business-class upgrade for her and her daughter's return flight to Los Angeles. *Id.* at 3. Plaintiff alleges that, along with the stay and upgrade, she was also handed a "Release and Settlement Claim Form" releasing RC Dubai and its affiliates and subsidiaries from liability. *Id.* at 4. Plaintiff did not sign the form. *Id.* Plaintiff claims she received only emergency care in Dubai, and the accident led to several orthopedic surgeries and many follow-up appointments with doctors located in California. Opp'n at 4.

### b. Defendants' Liability

RC Dubai is no longer a party to this case. *See* Not. of Voluntary Dismissal (Dkt. 16). MSAS, the owner of RC Dubai, is not a named defendant. FAC (Dkt. 12) at 1. The only remaining Defendants are (1) the Ritz-Carlton Hotel Company Limited ("RC Bermuda") and (2) the Ritz-Carlton Hotel Company, L.L.C. ("RC Delaware"). RC Bermuda is a company organized under the laws of Bermuda with its principal place of business in either Maryland, *see* Mot. (Dkt. 18) at 2, or Bermuda, *see* Def's Supplemental Brief (Dkt. 54) at 2. RC Delaware is a company organized under the laws of Delaware with its principal place of business in Maryland. Mot. at 2. It is undisputed that RC Bermuda and RC Delaware are both subsidiaries of Marriott International, Inc. ("MI").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)            Date: October 10, 2013
           Page 3

### 1. RC Bermuda

It is undisputed that RC Bermuda participates in the operation of the hotel at RC Dubai. Defendants argue that a Restated Operating Agreement ("ROA") between RC Bermuda and MSAS clearly states that as of July 1, 2004, RC Bermuda would be the *sole* operator and controller of the hotel at RC Dubai. Mot. (Dkt. 17) Ex. A at 5.[2] The ROA states that the RC Delaware operated the RC Dubai from September 1998 until the date the RC Bermuda took over on July 1, 2004. Mot. (Dkt. 17) Ex. A.

### 2. RC Delaware

The Plaintiff alleges that RC Delaware operates and maintains a web site that allows users in California to reserve a room and inquire about employment opportunities with the Ritz-Carlton locations around the world, including RC Dubai. FAC (Dkt. 12) at 2, 6 ("On information and belief, [RC Delaware] operates 77 hotels worldwide with 38,000 employees in 25 countries, including the United Arab Emirates"). Plaintiff argues that an internet search for "RC Dubai" directs users to the website maintained by RC Delaware. Opp. (Dkt. 27) at 7. The Plaintiff did not book her reservation through the website, but instead reserved her room through a travel agent. Decl. (Dkt. 29) at 2.

---

[2] Plaintiff filed an Objection to Defendant's Request for Judicial Notice ("Objection to Judicial Notice"). Obj. (Dkt. 31) at 2-3 (citing to *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 1998)). However, the Court finds it appropriate to take judicial notice of the ROA.

> As it makes sense and comports with existing practice, we hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does "not convert the motion to dismiss into a motion for summary judgment."

*Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The contents of the ROA are relied upon by Plaintiff's FAC, as she references it repeatedly to establish the relationship between various defendants. While Plaintiff initially appeared to suggest that the authenticity of the ROA could be questioned, her further briefing post-jurisdictional discovery has relied on it heavily, and has not called it into question. In addition, an RC Bermuda and an RC Delaware employee submitted declarations regarding the authenticity of the ROA. *See* Mot. (Dkt. 17).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)                      Date: October 10, 2013
                                                                                       Page 4

       The Plaintiff further alleges the RC Delaware maintains and owns hotels throughout California and is registered with the California Secretary of State. FAC (Dkt. 12) at 2. Plaintiff states that her stays at the Ritz-Carlton California locations, operated by RC Delaware, as well as advertisements directed to residents of California, influenced her decision to stay at the RC Dubai. Decl. (Dkt. 29) at 2; FAC (Dkt. 12) at 6.

       **c. The Present Motion**

       Plaintiff filed the FAC on May 9, 2012, for negligence and premises liability. FAC (Dkt. 12). Defendants, RC Delaware and RC Bermuda, filed the motion to dismiss, arguing that (1) this Court does not have personal jurisdiction over RC Bermuda; and (2) Plaintiff has not alleged facts sufficient to state a claim against RC Delaware.

       Regarding the jurisdictional question, the Court ordered further briefing after a limited discovery period related to the jurisdictional question. (Dkt. 44). Defendants submitted a Supplemental Brief (Dkt. 54), which Plaintiff opposed (Dkt. 55).

       **II. Discussion**

           **a. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction over RC Bermuda**

       Defendants argue that the Court is unable to assert personal jurisdiction over Defendant RC Bermuda because RC Bermuda does not maintain any contacts with California. For the reasons stated below, the Court finds, first, that RC Bermuda does not have sufficient contacts with the forum state to assert general jurisdiction. Second, the Court finds that it does not have specific personal jurisdiction over RC Bermuda. Finally, the Court finds that it cannot assert personal jurisdiction over RC Bermuda based on an agency theory.

              **i. Legal Standard**

       A plaintiff has the burden of establishing that personal jurisdiction exists over a defendant. *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003) (citing *John Doe I v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)). The court may consider evidence presented in affidavits to assist it in its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)            Date: October 10, 2013
                                                                                                                       Page 5

determination and may order discovery on the jurisdictional issues. *Data Disc, Inc. v. Systems Technology Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977). However, when a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir.1995) (citations omitted); *see also AT & T v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir.1996) (where trial court rules on jurisdictional issue based on affidavits and discovery materials without holding evidentiary hearing, plaintiff need only make prima facie showing). When the plaintiff's version of the facts is not directly controverted, it is taken as true for the purposes of a Rule 12(b)(2) motion. *Harris*, 328 F. 3d at 1129 (quoting *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)). Conflicts between the facts in the parties' affidavits are resolved in the plaintiff's favor. *Id*.

       Where there is no federal statute controlling the Court's exercise of personal jurisdiction, federal courts must look to the forum state's jurisdictional statute to determine whether it is proper to assert personal jurisdiction. *Id.* The California long-arm statute provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Thus, the court's jurisdictional analysis under California law and federal due process is the same. *Yahoo! Inc. v. La Ligue Control Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

       The Due Process Clause requires that a court exercise personal jurisdiction over a defendant only if the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). A court may exercise general jurisdiction over a defendant whose contacts with the forum are so "continuous and systematic" that personal jurisdiction is proper in any action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985). Absent general jurisdiction, a court may also exercise specific jurisdiction over a defendant where "jurisdiction [is] based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo!*, 433 F.3d at 1205.

       In the Ninth Circuit, a three-part test determines whether specific jurisdiction exists: (1) the non-resident defendant must purposefully direct its activities at, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)                      Date: October 10, 2013

                                                                                                           Page 6

consummate some transaction with, the forum state or a resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum; (2) the plaintiff's claim must be one that arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Id.* at 1205-06 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir.2004)).

                ii.       Analysis

Defendants argue that the Court does not have personal jurisdiction over Defendant RC Bermuda, and that RC Bermuda does not conduct any business in California. Mot. (Dkt. 17) at 4.

Plaintiff argues that RC Bermuda maintains contacts with California *through RC Delaware*. Opp. (Dkt. 27) at 6. In the FAC, Plaintiff alleges that RC Delaware maintains and owns hotels throughout California. FAC (Dkt. 12) at 2. Defendants do not contest that RC Delaware owns and maintains hotels in California. When a plaintiff's version of the facts is not directly rebutted, it is taken as true for the purposes of a Rule 12(b)(2) motion. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

Plaintiff argues that an internet search for "RC Dubai" directs users to the Ritz-Carlton website ("RC website") maintained by RC Delaware (www.ritzcarlton.com) and bearing a "© [RC Delaware]" logo. Opp. (Dkt. 27) at 7; Ex. C at 13. The website allows users to reserve a stay at the RC Dubai from their homes in California. *Id.* Plaintiff alleges that she decided to stay at the RC Dubai based on her experiences with other Ritz-Carlton hotels in California and after she reviewed RC Dubai on the RC website from her home in California. Opp. (Dkt. 27) at 2. The RC website includes a "Fact Sheet" which states that the Ritz-Carlton is headquartered in Maryland and operates 79 hotels worldwide in 26 countries. Opp. (Dkt. 27) at 8. Plaintiff, however, chose to reserve a room through her travel agent so that the agent could coordinate Plaintiff's stay with her other travel plans. *Id.*

Plaintiff argues that RC Delaware solicits business in California for the RC Dubai location and RC Bermuda has appointed the RC Delaware to deal with third-parties, such as Plaintiff. Opp. (Dkt. 27) at 12-13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)                      Date: October 10, 2013
                                                                                                 Page 7

### 1. There is no general personal jurisdiction over RC Bermuda

First, the Court must determine whether RC Bermuda's contacts with the forum state are sufficient to establish general personal jurisdiction. A court may exercise general jurisdiction over a defendant whose contacts with the forum are so "continuous and systematic" that personal jurisdiction is proper in any action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985).

The Ninth Circuit held that operating even a "highly interactive" website "does not confer general jurisdiction." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1226 (9th Cir. 2011) *cert. denied*, 132 S. Ct. 1101, 181 L. Ed. 2d 979 (U.S. 2012). In *Mavrix*, the court rejected a sliding scale test of website interactivity to determine whether "the defendant's forum contacts are sufficiently substantial, continuous, and systematic to justify general jurisdiction." *Id.* at 1227. The court reasoned that the sliding scale test, whereby websites may establish jurisdiction based on where they fall on an active to passive scale, was developed in the context of specific personal jurisdiction and is ill-suited for determining general jurisdiction. *Id.* A highly interactive website could provide continuous contact with the forum state, and yet the contact may not be substantial, which is "untenable in a general jurisdiction analysis." *Id.* (citing to *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir.2002)). "To permit the exercise of general jurisdiction based on the accessibility in the forum of a non-resident interactive website would expose most large media entities to nationwide general jurisdiction," which would be inconsistent with the "constitutional requirement that the continuous corporate operations within a state be 'so substantial and of such a nature as to justify suit against [the nonresident defendant] on causes of action arising from dealings entirely distinct from those activities.'" *Id. See also Focht v. Sol Melia S.A.*, C-10-0906 EMC, 2012 WL 162564 (N.D. Cal. Jan. 19, 2012) (finding that maintaining a hotel website where California residents have "made actual use of the website to book reservations for the [defendant's] brand hotels" was not enough to establish general personal jurisdiction); *Elayyan v. Sol Melia, SA*, 571 F. Supp. 2d 886, 901 (N.D. Ind. 2008) ("Courts treat hotel websites that allow the placing of reservations similarly to other forms of national advertising, such as toll-free reservation hotlines, which are themselves insufficient to establish general jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)            Date: October 10, 2013
                                                                                   Page 8

Courts have found personal jurisdiction can be established over a non-resident defendant when there is "something more" than defendant's mere presence on the internet "to indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d at 414, 418 (9th Cir. 1997). For example:

> [I]n *Digital Equip. Corp. v. Altavista Tech., Inc.*[,] 960 F.Supp. 456, 462 (D.Mass.1997), not only did the defendant maintain a web site advertising its products but it also made at least three sales to Massachusetts residents based on the operation of that site and it entered into a contract with the plaintiff, a Massachusetts resident, governing its commercial activity on the Internet and selecting Massachusetts as the applicable law. Likewise, in *Blumenthal v. Drudge*, 992 F.Supp. 44, 56 (D.D.C.1998), besides maintaining an interactive web site which specifically focused on District of Columbia gossip, defendant regularly distributed its electronic column to District residents, solicited and received contributions from District residents, and contacted District residents to gather information for the column. *See also Mieczkowski v. Masco Corp.*, 997 F.Supp. 782, 786–88 (E.D.Tex.1998) (holding personal jurisdiction existed based on the nature of the defendant's web site in addition to the large volume of business conducted in the forum state); *Hasbro, Inc. v. Clue Computing, Inc.*, 994 F.Supp. 34, 44 (D.Mass.1997) (finding defendant purposefully availed itself of benefits of Massachusetts where it performed work for a Massachusetts company, which comprised 35–50% of its annual income, in addition to advertising its work for that company on its Internet site in an effort to attract more customers).

*ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 331 (D.S.C. 1999).

Plaintiff argues that RC Bermuda maintains contact with California by maintaining a website, operated by RC Delaware, whereby California residents can book their hotel stays with RC Dubai, allegedly operated by RC Bermuda. Opp. (Dkt. 27) at 7-8. Defendants argue that maintaining a website is insufficient contact to establish general personal jurisdiction over Defendant RC Bermuda.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)　　　　　　　　　　Date:  October 10, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 9

---

The court finds that there are insufficient contacts to support general personal jurisdiction over RC Bermuda. While it is not clear what degree of control, if any, RC Bermuda exerts over the website, even if RC Bermuda were the sole operator of the website, Plaintiff has not pled the "something more" necessary to establish general personal jurisdiction. Unlike the cases cited above where, for example, a bulk of the defendants' business came from the forum state or defendants contracted with forum state residents and chose forum state law as the governing law, Plaintiff does not allege any additional facts that show that the RC website is not more like a national advertisement or toll-free reservation hotline. Therefore, the Court finds there is no general personal jurisdiction over RC Bermuda.

### 2.  There is no specific personal jurisdiction over RC Bermuda

Next, the Court will determine whether it can establish specific personal jurisdiction over RC Bermuda. In order to assert specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1227-28 (9th Cir. 2011) cert. denied, 132 S. Ct. 1101, 181 L. Ed. 2d 979 (U.S. 2012); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Plaintiff bears the burden of satisfying the first two prongs, and if they are met, the burden shifts to the Defendants to "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Mavrix Photo*, 647 F.3d at 1228.

Plaintiff argues that maintaining a website where residents of the forum state can reserve a room meets the first requirement of the three-prong test. Regardless of whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)　　　　　　　　　　　Date: October 10, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 10

maintaining a website where residents of the forum state can reserve a room in a hotel meets the threshold of purposeful availment,³ the second prong fails because Plaintiff's claims do not arise out of or relate to the defendant's forum-related activities. *See Scott v. Breeland*, 792 F.2d 925, 928 (9th Cir. 1986) (finding that where the claims against defendant are not related to defendant's activity in the forum state, "[t]hese [forum state] activities cannot, therefore, support the exercise of specific jurisdiction."). Plaintiff's claims are based on alleged negligence and premises liability, which took place in Dubai. These claims are not connected with Defendant RC Bermuda's alleged contacts with California through a website. Furthermore, Plaintiff did not book her vacation through the website, making the possibility that the maintenance of the website is sufficient to establish personal jurisdiction even more remote. Thus, the Court cannot establish specific jurisdiction over RC Bermuda.

### 3. Personal jurisdiction is not available through an agency theory

Because the Court has not found general or specific personal jurisdiction over RC Bermuda, the Court will explore an alternate theory by which it might assert jurisdiction over RC Bermuda. First, the Court finds that it has personal jurisdiction over *RC Delaware*; thus the remaining question will be whether RC Delaware and RC Bermuda are so closely related that jurisdiction over RC Delaware can be conferred onto RC Bermuda.

"The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001). Pursuant to a theory of agency liability, however, a court "may find the necessary contacts to support the exercise of personal jurisdiction over a foreign parent company by virtue of its relationship to a subsidiary that has continual operations in the forum." *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 920 (9th Cir. 2011).

---

³ *See Elayyan v. Sol Melia*, SA, 571 F. Supp. 2d 886, 904 (N.D. Ind. 2008) (citations omitted) ("However, because an individual Indiana resident could book a reservation through Sol Meliá's website in Indiana, it is conceivable that such a contact may constitute purposeful availment for the purposes of specific jurisdiction if the individual used the website and if the alleged injury then arose out of that individual's use of the website. Neither contingency is present in this case.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)            Date: October 10, 2013
                                                                           Page 11

As a threshold matter, the Court confirms that it has general personal jurisdiction over Defendant RC *Delaware*. However, because RC Delaware's jurisdiction is not properly conferred upon RC Bermuda, the Court cannot establish personal jurisdiction over RC Bermuda under an agency theory.

### a. RC Delaware is subject to general personal jurisdiction

When a defendant's contacts with the forum state are "continuous and systematic," general personal jurisdiction is appropriate. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985). Here, RC Delaware's maintaining and operating several hotels in California qualifies as "continuous and systematic" contact with the forum state, therefore general personal jurisdiction can be established over Defendant RC Delaware. The remaining question is whether RC Delaware's status as subject to general personal jurisdiction in the forum state can be attributed to RC Bermuda.

### b. Is RC Delaware an agent of RC Bermuda?

The general agency test requires that the Plaintiff show: (1) "the subsidiary functions as the parent corporation's representative in that it performs services that are sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services"; and (2) "an element of control, albeit not as much control as is required to satisfy the 'alter ego' test." *Bauman*, 644 F.3d at 920.

Plaintiff alleged RC Delaware was an agent of RC Bermuda because RC Delaware maintained a website through which it could solicit business for the RC Dubai. Opp. (Dkt. 27) at 13. Defendant counters that if the RC website is enough to establish an agency relationship for the purpose of personal jurisdiction, then every hotel or airline booking website, such as Expedia.com, would be a conduit for personal jurisdiction.

In *Doe v. Unocal Corporation*, the court found that the subsidiary companies located in California could not be considered agents of the parent corporation for the purpose of personal jurisdiction because there was insufficient evidence to show that "in the absence of [parent's] subsidiaries involved in petrochemical and chemical operations,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV12-0545-DOC-(MLGx)                         Date:  October 10, 2013
                                                        Page 12

[parent] would conduct and control those operations." *Doe v. Unocal Corp.*, 248 F.3d 915, 929 (9th Cir. 2001).  "At an irreducible minimum, the general agency test requires that the agent perform some service or engage in some meaningful activity in the forum state on behalf of its principal such that its 'presence substitutes for presence of the principal.'" *Id.* at 930 (citations omitted).

Here, Plaintiff has not pled facts sufficient to establish that the first prong of the agency test is met. Plaintiff's allegations do not establish that if RC Delaware ceased to operate in California, RC Bermuda would intervene and "control those operations." The FAC does not allege, for example, that if RC Delaware ceased to operate in the forum state that RC Bermuda would take over RC Delaware's California hotels.

Similarly, on the second prong, Plaintiff fails to allege that RC Bermuda exercised any meaningful control at all over RC Delaware's activities in California.

Accordingly, the Court cannot find that it has personal jurisdiction over RC Bermuda under a general agency theory.

### c. Ostensible Agency

Alternatively, Plaintiff argues that the Court may assert personal jurisdiction over RC Bermuda because an "ostensible agency" relationship exists between RC Bermuda and RC Delaware.

"An agency is ostensible when the principal intentionally, or by want of care, causes a third person to believe another to be his agent who is not really employed by him." Cal. Civ.Code § 2300. "A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without want of ordinary care, incurred a liability or parted with value, upon the faith thereof." *Id.* § 2334. "[T]here are three requirements necessary before recovery may be had against a principal for the act of an ostensible agent. The person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one; such belief must be generated by some act or neglect of the principal sought to be charged; and the third person in relying on the agent's apparent authority must not be guilty of negligence." *Associated Creditors' Agency v. Davis,* 13 Cal.3d 374, 399, 118 Cal. Rptr. 772, 788, 530 P.2d 1084 (1975); *T.H.E. Ins. Co. v. Vasquez,* 21 F. App'x 737, 738 (9th Cir. 2001); Cal. Civ. Code § 2300; Cal. Civ. Code § 2334. An agent's authority may be implied from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)  Date: October 10, 2013
Page 13

circumstances of a particular case and may be proved by circumstantial evidence. *C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.,* 213 F.3d 474, 480 (9th Cir.2000) (applying California law). While the ostensible authority of an agent cannot be based solely upon the agent's conduct, the principal need not make explicit representations regarding the agent's authority to the third party before ostensible authority can be found. *Id.* Ostensible authority may be proven through evidence of the principal's representations to the public in general. *Kaplan v. Coldwell Banker Residential Affiliates, Inc.,* 59 Cal.App.4th 741, 747–48, 69 Cal.Rptr.2d 640, 643 (1997).

In *Holt v. Kormann*, 2012 WL 2150070 (C.D. Cal. June 12, 2012), cited by Plaintiff, this Court found that a corporate defendant ("KRR") could be held liable for the negligent misrepresentations of a man who was an ostensible agent of KRR because "the purported agent's use of names and logos and the existence of a business relationship between the two entities." *Id.* at *6. Similarly, in *Kaplan v. Coldwell Banker,* a franchisee's authorized use of the franchisor's name and logo was sufficient to show that the franchisee was the ostensible agency of the franchisor. 59 Cal.App.4th at 747; *see also Williams v. Holiday Inns, Inc.*, 1994 LEXIS 3123 (E.D. La. Mar. 16, 1994) (finding that a man allegedly injured at a Holiday Inn franchise in Texas could sue the franchisor, Holiday Inns, Inc., on an ostensible agency theory).

The Court finds these citations inapposite. Here, RC Delaware is not in the position of the franchisor, nor of the parent company, lending its name to the actions of RC Bermuda. Rather, RC Delaware and RC Bermuda are both subsidiaries of a common parent company, Marriott International, Inc., and both use the name "Ritz-Carlton." Plaintiff has not sued Marriott International, and does not seek to establish this court's jurisdiction over that company, but rather seeks to establish personal jurisdiction over RC Bermuda in California by arguing that the two subsidiaries are interchangeable agents of one another.

It is telling that Plaintiff appears to be arguing, on the one hand, that RC Bermuda acted as RC Delaware's ostensible agent for the purposes of establishing RC Delaware's liability for events that occurred in RC Bermuda's hotel in Dubai, while, on the other hand, arguing that *RC Delaware* acted as *RC Bermuda's* ostensible agent for the purposes of establishing RC Bermuda's contacts in California. The *Williams* case cited by Plaintiff stands for the proposition that a franchisor may be held liable under an ostensible agency theory for the negligent acts of its franchisee. *See* 1994 LEXIS 3123. The proper analogy here would be a single Holiday Inn franchise in Miami Beach and a single

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)  Date: October 10, 2013
Page 14

---

Holiday Inn franchise in Toronto being sued as the interchangeable agents of one another, without the governing Holiday Inn franchisor involved at all. The Court cannot find that jurisdictional defects may be cured by collapsing two independent subsidiaries into one on a tenuous and overbroad ostensible agency theory.

### d. Conclusion

For the reasons stated above, the Court GRANTS Defendants' motion as to the 12(b)(2) question and finds that it cannot exercise personal jurisdiction over RC Bermuda.


### b. Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted as to RC Delaware.

Defendants' Motion argues that RC Delaware is not liable for causes of actions that arose related to RC Dubai activity because the RC Dubai is under RC Bermuda's exclusive control. Plaintiff argues that she sufficiently pled that RC Delaware continues to exercise control over RC Dubai. Opp. (Dkt. 27) at 6. The Court finds that Plaintiff has not pled sufficient facts to survive a 12(b)(6) motion as to RC Delaware.

### i. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)  Date: October 10, 2013
Page 15

---

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

    **ii.  Discussion**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)                                    Date: October 10, 2013
                                                                   Page 16

---

Here, Defendants argue that Plaintiff has failed to allege sufficient facts to show that RC Delaware continues to control or operate RC Dubai; therefore, even if Plaintiff's allegations of negligence are taken as true, RC Delaware cannot be liable. Mot. (Dkt. 17) at 15-16. Plaintiff argues in her opposition that Defendant RC Delaware is liable for the incident in Dubai because RC Delaware continued to control RC Dubai. Opp. (Dkt. 27) at 23. However, looking at Plaintiff's FAC, and at the ROA that is referenced in it, the Court finds that Plaintiff has failed to allege facts supporting her conclusory allegation that RC Delaware exercises control over RC Dubai.

Both parties agree that RC Delaware directly controlled the RC Dubai at least until July 1, 2004, predating by several years the incident that gave rise to the present action. *Id.* In her FAC, Plaintiff states that:

> . . . on or about July 1, 2004, Ritz-Carlton Bermuda entered into a Restated Operating Agreement with Almulla superseding the agreement described above [with RC Delaware]. Under the Restated Operating Agreement, Ritz-Carlton Bermuda became the exclusive agent of the owner to operate and manage the Hotel. Nevertheless, Ritz-Carlton Delaware remained involved in the operation of the Hotel *as described in paragraph 17 below*.

FAC ¶ 8 (emphasis added). Paragraph 17 alleges that the RC Delaware operates and maintains a web site directed at residents of California that advertises both employment opportunities and hotel stays with the Ritz-Carlton locations around the world, including RC Dubai. *Id.* ¶ 17. Paragraph 17 does not allege that RC Delaware played any other part in the operation of RC Dubai.

In other parts of her FAC, Plaintiff alleges that RC Delaware operates 77 hotels worldwide with 38,000 employees in 25 countries, including the United Arab Emirates. *Id.* Plaintiff also alleges Defendants RC Delaware and RC Bermuda are "affiliated with each other through common ownership and control." *Id.* at 3. Seemingly in conflict with paragraph 8 of her FAC, Plaintiff further alleges that, based on the ROA, RC Delaware and RC Bermuda were both involved in the operating of RC Bermuda because both Defendants: (1) determined the terms for admittance and payment; (2) determined the labor policies; (3) made hiring and firing decisions; (4) controlled all paid advertising; (4) caused all needed repairs and maintenance to the Hotel; and (5) maintained company-approved standards of quality. *Id.* ¶¶ 9-10. Plaintiff also alleges that "each of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)                      Date: October 10, 2013
                                                                                                            Page 17

defendants was the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment." *Id.* ¶ 16.

Defendant argues that, under the terms of the ROA that Plaintiff repeatedly relies upon in her FAC, RC Delaware was no longer in control of the RC Dubai at the time of Plaintiff's accident, and, therefore, cannot be held liable for Plaintiff's causes of actions that originated at the RC Dubai. Defendant RC Delaware supports its denial of control over RC Dubai with a copy of the ROA between RC Bermuda and MSAS, which states that RC Delaware would cease to operate the RC Dubai as of July 1, 2004, and RC Bermuda would become the sole operator and controller. Mot. (Dkt. 17) Ex. A.

Plaintiff filed an Objection to Defendant's Request for Judicial Notice ("Objection to Judicial Notice"). Obj. (Dkt. 31) at 2-3 (citing to *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 1998)). However:

> As it makes sense and comports with existing practice, we hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does "not convert the motion to dismiss into a motion for summary judgment."

*Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

A motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Because here the ROA is properly subject to judicial notice, the Court notes that it directly contradicts Plaintiff's allegation that the RC Delaware and RC Bermuda both control or operate the RC Dubai. In relevant part, the ROA included the following:

> <u>Operation of Hotel</u>. Owner hereby appoints [RC Bermuda] as Owner's exclusive agent to operate and manage the Hotel during the Operating Term, with exclusive responsibility and complete and full control and discretion in the operation, direction, management and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)　　　　　　　　　　　Date: October 10, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 18

>　　　supervision of the Hotel, subject only to the limitations expressed herein, and Operator [RC Bermuda] hereby accepts such appointment subject to the terms and conditions expressed in this Agreement. Operator shall have exclusive discretion and control, to the extent permitted by the federal law of the United Arab Emirates, of the Hotel for all customary purposes . . . .

Mot. (Dkt. 17) Ex. A at 15.

　　　Further, "without limiting the generality of the foregoing," the ROA gave RC Bermuda "the discretion and control to do the following: . . . (k) Cause all needed repairs and maintenance to be made to the Hotel and cause all such other things to be done in or about the Hotel as shall be necessary to comply with all requirements of governmental authority, boards of fire underwriters and other bodies exercising similar functions. . . ." *Id.* at 16-17. In addition, "Operator shall have the sole right to select, appoint and supervise the general manager and such other Hotel Employees as Operator deems appropriate for the proper operation, maintenance and security of the Hotel." *Id.* at 19. "Operator shall maintain the Hotel in good repair and condition and in conformity with applicable laws and regulations. In so doing, Operator shall make or cause to be made such routine repairs, maintenance, and minor alterations for which the cost can be expensed under generally accepted accounting principles . . . ." *Id.* at 29.

### iii.　　Conclusion

　　　Plaintiff's FAC alleges facts sufficient to sustain a claim against RC *Bermuda*, not RC Delaware. Based on the terms of the ROA relied upon by Plaintiff throughout her FAC, RC Bermuda is the operator of the hotel at RC Dubai, and RC Delaware did not operate the facility at any point after 2004. To the extent that Plaintiff argues that RC Delaware continued to control operations at RC Dubai through the time of Plaintiff's injury, these allegations are conclusory, speculative, and contradict the ROA on which much of Plaintiff's FAC relies. Similarly, to the extent that Plaintiff argues that "each of the defendants was the agent and employee of each of the remaining defendants," this argument fails for the reasons set forth in Section II(a)(ii)(3) of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV12-0545-DOC-(MLGx)                              Date:  October 10, 2013
                                                                                              Page 19

Accordingly, Defendants' motion to dismiss Plaintiff's claims against RC Delaware pursuant to Rule 12(b)(6) is GRANTED and the claim is DISMISSED WITH PREJUDICE as to RC Delaware.

### III. Disposition

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss claims against RC Bermuda for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  Plaintiff may refile her complaint in a jurisdiction that can exercise personal jurisdiction over that defendant.

Further, the Court GRANTS Defendants' motion to dismiss claims against RC Delaware pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff's claim against RC Delaware is hereby DISMISSED with prejudice.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.